IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TRAXCELL TECHNOLOGIES, LLC,**<br>*Plaintiff,* | § § § § | |
| v. | § § | CIVIL NO. 6:21-CV-1312-ADA |
| **GOOGLE LLC,**<br>*Defendant.* | § § § § | |

## ORDER GRANTING MOTION TO TRANSFER

Before the Court is Google LLC's ("Google") Motion to Transfer Venue to the Northern District of California Pursuant to § 1404(a). ECF No. 38. Google filed its Motion on May 3, 2022. Ordinarily, non-movants have 14 days to file a response to a motion. Local Rule CV-7(D)(1). Under this Court's Standing Order Governing Proceedings (OGP) 4.1 – Patent Cases ("the OGP") § V, when a defendant files a motion to transfer venue, the plaintiff may take venue discovery and move back filing deadline for a response. Section V provides as follows:

> Venue or jurisdictional discovery automatically opens upon the filing of an initial venue or jurisdictional motion and shall be completed no later than 10 weeks after the filing of such motion. Parties shall file a notice of venue or jurisdictional discovery if the discovery will delay a response to a motion to transfer.

Although venue discovery is automatically granted, the plaintiff must still respond within 14 days in one of two ways: (1) file a response to the motion to transfer, or (2) file a notice of venue or jurisdictional discovery if the discovery will delay a response to a motion to transfer.

In this case, Plaintiff Traxcell Technologies, LLC ("Traxcell") neither filed a response nor filed a notice of intent to take venue discovery within 14 days after Google filed its Motion. Traxcell filed a notice of venue discovery on May 18, 2022. ECF No. 42. But because that notice was not filed within the 14-day window, the notice was untimely. Even if Traxcell had filed the

notice in a timely fashion by May 17, 2020, venue discovery should have been 10 weeks, with a closing date of July 12, 2022. Its response to the Motion would then have been due on July 26, 2022. As of the date of this order, Traxcell has still not filed a response.

Because Plaintiff did not file a response or notice of venue discovery within 14 days, the Court considers this Motion unopposed. When motions are unopposed, a court may grant the motion. Local Rule CV-7(D)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."). Google cites to numerous cases where this Court and others in the Western District of Texas have granted unopposed motions. *See De La Vega v. Amazon (USA), Inc.*, No. 6-19-cv-00618 (W.D. Tex. Feb. 07, 2020) (Text order stating "[b]ecause Mr. De La Vega has not filed his response within the 7-day time period prescribed by Local Rule CV-7, the Court GRANTS this motion as unopposed."); *Jefferson Street Holdings Intellectual Property LLC v. Tech21 Inc.*, No. 5-18-cv-00806, slip op. at 1 (W.D. Tex. Oct. 29, 2019) ("Although the deadline has passed, no response has been received by the Court. Accordingly, the Court considers the motion to be unopposed."); *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. 1-15-cv-00597, 2016 WL 5956081, at *2 (W.D. Tex. Aug. 01, 2016) ("For good cause shown, and as RTIC did not timely respond to YETI's motion for redaction, the Court grants YETI's motion as unopposed."); *Kaden v. Smith*, No. 3-15-cv-00146, slip op. at 1 (W.D. Tex. Mar. 09, 2016) ("As of this date, Defendant has filed no response. Therefore, the Court will grant Plaintiff's Motion as unopposed."). Because Defendant's Motion is unopposed, the Court **GRANTS** Google's Motion to Transfer.

Most troublesome here is that the same counsel representing this same plaintiff has already been chastised by this Court for his repeated failure to file in a timely manner. *See Traxcell Technologies, L.L.C., v. Verizon Wireless Personal Communications*, No. 6:20-CV-01175, slip op.

at 3 (W.D. Tex. Jan. 20, 2022) ("All parties SHALL TAKE NOTICE that this Court is not inclined to grant future, opposed motions for extension of time by repeatedly late filers. E.g., *MCOM IP, LLC v. CSI, Inc.*, No. 6:21- cv-00196-ADA, Dkt. No. 28 (filing late response to motion to stay, Dkt. No. 27) (W.D. Tex. Dec. 15, 2021); *MCOM IP, LLC v. NCR Corp.*, No. 6:21-cv-00325-ADA, Dkt. No. 21 (filing late Case Readiness Status Report) (W.D. Tex. Aug. 12, 2021); *AML IP, LLC v. ArtCraft Entertainment, Inc.*, No. 6:21-cv-00036-ADA, Dkt. No. 15 (filing late Case Readiness Status Report more than six months after the March answer, Dkt. No. 11) (W.D. Tex. Oct. 10, 2021)). Counsel failed to heed that warning.

For those reasons, the Court **GRANTS** Google's Motion to Transfer Venue to the Northern District of California (ECF No. 38).

SIGNED this 22nd day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE